IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT,<br><br>　　　Plaintiff,<br><br>v.<br><br>HUAWEI TECHNOLOGIES CO., LTD. AND HUAWEI TECHNOLOGIES USA INC.,<br><br>　　　Defendants. | §§§§§§§§§§§§§ CIVIL ACTION NO. 6:20-cv-00892<br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Brazos" or "Plaintiff"), by and through its attorneys, files this Complaint for Patent Infringement against Defendants Huawei Technologies Co. Ltd. and Huawei Technologies USA Inc. (collectively "Huawei" or "Defendants") and alleges:

**NATURE OF THE ACTION**

1.　　This is a civil action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1, et seq., including §§ 271, 281, 284, and 285.

## THE PARTIES

2. Brazos is a limited liability corporation organized and existing under the laws of Delaware, with its principal place of business at 606 Austin Avenue, Suite 6, Waco, Texas 76701.

3. On information and belief, Defendant Huawei Technologies Co., Ltd. is a Chinese corporation that does business in Texas, directly or through intermediaries, with a principal place of business at Bantian, Longgang District, Shenzhen 518129, People's Republic of China.

4. Upon information and belief, Defendant Huawei Technologies USA Inc. is a corporation organized and existing under the laws of Texas that maintains an established place of business at 2391 NE Interstate 410 Loop, San Antonio, Texas 78217. Huawei Technologies USA, Inc. is authorized to do business in Texas and may be served via its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

5. Defendants operate under and identify with the trade name "Huawei." Each of the Defendants may be referred to individually as a "Huawei Defendant" and, collectively, Defendants may be referred to below as "Huawei" or as the "Huawei Defendants."

## JURISDICTION AND VENUE

6. This is an action for patent infringement which arises under the Patent Laws of the United States, in particular, 35 U.S.C. §§271, 281, 284, and 285.

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

8. This Court has specific and general personal jurisdiction over each Huawei Defendant pursuant to due process and/or the Texas Long Arm Statute, because each Huawei Defendant has committed acts giving rise to this action within Texas and within this judicial district. The Court's exercise of jurisdiction over each Huawei Defendant would not offend

traditional notions of fair play and substantial justice because Huawei has established minimum contacts with the forum. For example, on information and belief, Huawei Defendants have committed acts of infringement in this judicial district, by among other things, selling and offering for sale products that infringe the asserted patent, directly or through intermediaries, as alleged herein.

9.       Venue in the Western District of Texas is proper pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendants have committed acts of infringement in this judicial district and have regular and established places of business in this judicial district and in Texas. As non-limiting examples, on information and belief, Defendants have sold or offered to sell the Accused Products in this judicial district and have employees or agents that operate Huawei equipment in this judicial district, including at 189 CR 265, Georgetown, TX 78626, 1150 S. Bell Blvd., Cedar Park, TX 78613, 1399 S A W Grimes Blvd., Round Rock, TX 78664, 12335 IH 35, Jarrell, TX 76537, 1050 Rabbit Hill Rd., Unit #E, Georgetown, TX 78626, 1602 A W Grimes Blvd., Round Rock, TX 78664, 4120 IH 35 N, Georgetown, TX 78626, 900 CR 272, Leander, TX 78641, 1950 Crystal Falls Pkwy., Leander, TX 78641, 1101 N. Industrial Blvd., Round Rock, TX 78681, 506 McNeil Rd., Round Rock, TX 78681, 3210 Chisholm Trail Rd., Round Rock, TX 78681, 112 Roundville Ln., Round Rock, TX 78664, 202 Central Dr. W, Georgetown, TX 78628, 3595 E. Hwy. 29, Georgetown, TX 78626, 1402 W Welch St., Taylor, TX 76574, 3801 Oak Ridge Dr., Round Rock, TX 78681, 1957 Red Bud Ln. #B, Round Rock, TX 78664, 6603 S Lakewood Dr., Georgetown, TX 78633, 500 W Front, Hutto, TX 78634.

## COUNT ONE - INFRINGEMENT OF
## U.S. PATENT NO. 7,460,658

10. Brazos re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

11. On December 2, 2008, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,460,658 ("the '658 Patent"), entitled "Apparatus, and an associated method, for selectably and automatically redirecting a telephonic call to a secondary location." A true and correct copy of the '658 Patent is attached as Exhibit A to this Complaint.

12. Brazos is the owner of all rights, title, and interest in and to the '658 Patent, including the right to assert all causes of action arising under the '658 Patent and the right to any remedies for the infringement of the '658 Patent.

13. Huawei makes, uses, sells, offers for sale, imports, and/or distributes in the United States, including within this judicial district, products such as, but not limited to, Huawei CloudPBX Solutions (collectively, the "Accused Products").

14. The Accused Products include Huawei CloudPBX Solution V600R006C00.

15. The Huawei CloudPBX Solution is a communication system that allows communication via voice, video, content sharing, and the like using a packet data network. The Huawei CloudPBX also supports Call Forward Services, which includes a communication diversion service. The users can redirect an incoming call to a desired pre-set phone number using this service.

16. With the Accused Product, a user can use the service on an Office Phone and a personal phone such that the user has option to communicate through the user's office IP Phone (first location) or mobile phone (second location) using some pre-set rules.

Case 6:20-cv-00892-ADA   Document 1   Filed 09/29/20   Page 5 of 17


Source: https://download.huawei.com/edownload/e/download.do?actionFlag=download&nid=EDOC1000157983&partNo=3001&mid=SUPE_DOC&_t=1583748295000.

## 4 Call Forward Services

**4.1 Communications Diversion Service**
The Communications Diversion (CDIV) service enables an incoming call to be redirected to a preset phone number or voice mailbox according to the preset conditions. Based on preset conditions, the CDIV service is classified into: Call Forwarding Unconditional (CFU), Call Forwarding No Reply (CFNR), Call Forwarding Busy (CFB), and Call Forwarding Offline (CFNL).

**4.2 Communication Deflection**
The Communication Deflection (CD) service enables the called party to return a 302 message to the terminating application server (AS) upon receiving an incoming call, so that the terminating AS triggers the CD service according to the forwarded-to number carried in the 302 message.

Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006



Source: https://download.huawei.com/edownload/e/download.do?actionFlag=download&nid=EDOC1000157983&partNo=3001&mid=SUPE_DOC&_t=1583748295000.

17. The Accused Product also includes Call Control and Media Processing Components, which lets the users of PBX service access a PSTN or mobile network (first telephonic network) as well through which the users can communicate.



Source: https://download.huawei.com/edownload/e/download.do?actionFlag=download&nid=EDOC1000157983&partNo=3001&mid=SUPE_DOC&_t=1583748295000.

18.     User of the Huawei CloudPBX Solution are provided a "uPortal" login account. The CloudPBX user can log in to the "uPortal" using the login credentials from any location over the internet and set the user preferences for various services such as "Call Forwarding Service." The user can explore the "Call Forwarding" option under "Call Service."



Source: https://cloudec.huaweicloud.com/uPortal/portal/login.sraction?language=en_US

1. Log in to the uPortal as a common user.
2. Choose **Call Service** > **Call Forwarding**, and modify CDIV service rules, as shown in Figure 4-7.
3. Click **Save**.

Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006

19.     The Accused Product allows a CloudPBX user to set preferences for Communications Diversion (CDIV) call forwarding service in "uPortal" such as Call Forwarding Unconditional (CFU), Call Forwarding No Reply (CFNR), Call Forwarding Busy (CFB), and Call Forwarding Offline (CFNL). Huawei's Communications Diversion (CDIV) service enables an incoming call to be redirected to a pre-set phone number or voice mailbox, according to the pre-set conditions.

20. In the CDIV configuration, the Accused Product allows a user to provide an alternative number to which the calls must be routed and enable call forwarding. After enabling this feature, all the calls to a phone number that follow the pre-set condition are redirected to the alternative number provided.



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006

21.     Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006The Accused Product allows user to provide user preferences (indications) for call forwarding using the "uPortal" over the Internet (provided to the packet data network). The user preferences set

9

conditions on which the call is redirected. The user can also manipulate these conditions to indicate when the user wants to receive a call on a particular phone number (and hence a particular location).

22.     The Accused Product allows a user to configure "Call Forwarding No Reply (CFNR)" such that when the user is out of office, the user receives a call on the user's personal mobile number (second location). The user can select and configure CFNR on the user's Office phone number (first location) such that the incoming call is forwarded to the user's personal phone number when the office phone is not answered for a specific time.



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.

23. The Accused Product allows the user to enable call forwarding for a number by entering an alternative number to which the calls have to be redirected. The index is formed by indexing together the values representative of selection (the number to which the calls must be redirected) with the calling indicia (the number from which the calls need to be redirected). This index is then stored at some place, which would be accessed later for redirecting the calls.



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.

11



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.

24. The Accused Product accesses a database to retrieve the index values when a calling party places a call to access the number from which the calls have to be redirected (i.e., the calling indicia) to the number to which the calls have to be redirected (i.e. values representative of selection made by the user).



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.

25. The Accused Product retrieves the index stored in the database, since indicia is indexed to the values representative of selection (numbers from which and to which call must be forwarded, respectively). The call that is placed to the number from which the calls have to be

13

redirected (calling indicia) is redirected to the alternate phone number (values representative of selection made by the user). Hence, the information accessed from the database is used to complete the routing of the call.



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006.

14



Source: https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006

26. In view of preceding paragraphs, each and every element of at least claim 13 of the '658 Patent is found in the Accused Products.

27. Huawei has and continues to directly infringe at least one claim of the '658 Patent, literally or under the doctrine of equivalents, by making, using, selling, offering for sale, importing, and/or distributing the Accused Products in the United States, including within this judicial district, without the authority of Brazos.

28. Huawei has received notice and actual or constructive knowledge of the '658 Patent since at least the date of service of this Complaint.

29. Since at least the date of service of this Complaint, through its actions, Huawei has actively induced product makers, distributors, retailers, and/or end users of the Accused Products to infringe the '658 Patent throughout the United States, including within this judicial district, by, among other things, advertising and promoting the use of the Accused Products in various websites, including providing and disseminating product descriptions, operating manuals, and other instructions on how to implement and configure the Accused Products. Examples of such advertising, promoting, and/or instructing include the documents at:

- https://download.huawei.com/edownload/e/download.do?actionFlag=download&nid=EDOC1000157983&partNo=3001&mid=SUPE_DOC&_t=1583748295000
- https://cloudec.huaweicloud.com/uPortal/portal/login.sraction?language=en_US
- https://support.huawei.com/enterprise/en/doc/EDOC1000158008?section=z006

30. Since at least the date of service of this Complaint, through its actions, Huawei has contributed to the infringement of the '658 Patent by having others sell, offer for sale, or use the Accused Products throughout the United States, including within this judicial district, with knowledge that the Accused Products infringe the '658 Patent. The Accused Products are especially made or adapted for infringing the '658 Patent and have no substantial non-infringing use. For example, in view of the preceding paragraphs, the Accused Products contain functionality which is material to at least one claim of the '658 Patent.

## JURY DEMAND

Brazos hereby demands a jury on all issues so triable.

## REQUEST FOR RELIEF

WHEREFORE, Brazos respectfully requests that the Court:

(A)   Enter judgment that Huawei infringes one or more claims of the '658 Patent literally and/or under the doctrine of equivalents;

(B)   Enter judgment that Huawei has induced infringement and continues to induce infringement of one or more claims of the '658 Patent;

(C)   Enter judgment that Huawei has contributed to and continues to contribute to the infringement of one or more claims of the '658 Patent;

(D)   Award Brazos damages, to be paid by Huawei in an amount adequate to compensate Brazos for such damages, together with pre-judgment and post-

judgment interest for the infringement by Huawei of the '658 Patent through the date such judgment is entered in accordance with 35 U.S.C. §284, and increase such award by up to three times the amount found or assessed in accordance with 35 U.S.C. §284;

(E) Declare this case exceptional pursuant to 35 U.S.C. §285; and

(F) Award Brazos its costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by this Court.

Dated: September 29, 2020

Respectfully submitted,

*/s/ James L. Etheridge*
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JeffH@EtheridgeLaw.com

**COUNSEL FOR PLAINTIFF**