# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, | § § § § | CIVIL ACTION 6:20-cv-00889-ADA<br>CIVIL ACTION 6:20-cv-00891-ADA<br>CIVIL ACTION 6:20-cv-00892-ADA |
| Plaintiff, | § § | |
| v. | § § | |
| HUAWEI TECHNOLOGIES USA INC.; HUAWEI TECHNOLOGIES CO., LTD., | § § § § § | |
| Defendants. | § | |

**PLAINTIFF'S REPLY CLAIM CONSTRUCTION BRIEF**

# Table of Contents

I. U.S. Patent No. 6,704,304 (Case No. 6:20-cv-00889)..........................................1

   means for determining whether a call should be routed over said PSTN or said core packet network" (claim 3)..........................................1

II. U.S. Patent No. 7,406,260 (Case No. 6:20-cv-00891)..........................................3

   1. "masking alarms in the OCh paths in transmit direction" (Claim 1) ..........................................3

   2. "masking alarms in the OCh paths in receive direction" (Claim 1) ..........................................3

   3. "wherein the step of analyzing alarms comprises the steps of:" (Claim 1) ..........................................5

   4. "masking alarms in the downstream OCh path in the transmit direction that are correlated with each alarm in the list" (Claim 1) ..........................................8

# TABLE OF AUTHORITIES

**Cases**

*Net MoneyIN, Inc. v. VeriSign, Inc.*,
   545 F.3d 1359 (Fed. Cir. 2008) ........................................................................................ 1, 2

Plaintiff WSOU Investments, LLC d/b/a Brazos License and Development ("WSOU") respectfully submits this reply claim construction brief in support of its proposed constructions.

## I.     U.S. Patent No. 6,704,304 (Case No. 6:20-cv-00889)

**means for determining whether a call should be routed over said PSTN or said core packet network" (claim 3)**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Subject to 35 U.S.C. § 112, ¶ 6.<br>**Function**: "determining whether a call should be routed over said PSTN or said core packet network" | |
| **Structure:** programming to perform the algorithm disclosed at 1:55-62, 4:1-10, 4:19-25, and Figure 2 (blocks 203 and 205), and equivalents thereof. | server system (13), as depicted in Figure 1, programmed to perform the algorithm disclosed at 1:55-62, 4:1-10, 4:19-25, and Figure 2 (blocks 203 and 205), and equivalents thereof. |

Huawei misunderstands why it would be "'both redundant and illogical' to construe the server system 13 *itself* as the structure corresponding to the recited means" for determining. Op. Br. at 1 (quoting *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1364 (Fed. Cir. 2008)). The disputed "means for" term is recited only in dependent claim 3, in the following context:

> 3. The apparatus of claim 1, wherein said server system comprises means for determining whether a call should be routed over said PSTN or said core packet network.

'304 patent, 5:11-13 (claim 3). Similar to the claims in *Net MoneyIn*, claim 3 here requires that the "server system *comprises* means for" accomplishing the recited functional language. In view of this defining context, the "means for" term refers to structure *within* the "server system" for accomplishing the recited functional language, and not to the *entirety* of the "server system" *itself*.

Contrary to what Huawei argues, the redundancy issue is not whether Huawei's proposed construction would render claim 3 redundant with claim 1. Resp. Br. 4–5 ("The 'server system' recited in independent claim 1 is not so limited, and thus there is no redundancy.'"). Rather, the redundancy in Huawei's proposed construction arises from claim 3 reciting the disputed "means for" term as being a *subpart* of the expressly claimed "server system" (i.e., "*said server system comprises* means for determining . . . ."). '304 patent, 5:11-13. Thus, it would be impermissibly

1

"redundant and illogical" to structurally require the "server system" to further comprise *itself*. *Net MoneyIN,* 545 F.3d at 1364.

Huawei only underscores the error of its construction by arguing that the corresponding structure refers not only to the "server system" in its entirety, but also to certain algorithmic structure of the "server system." Resp. Br. 4–5. If the corresponding structure of the "means for determining" term referred to the *entirety* of disclosed server system (13) *itself*, as Huawei incorrectly argues, the redundancy is only compounded by further naming disclosed internal features of that server system (13) (*e.g.*, algorithmic structure thereof) as corresponding structure.

Because the parties have at least reached agreement concerning *algorithmic* structure corresponding to the functional language in question, and given the surrounding claim language itself expressly requires that the recited "means for determining" must be *part of* the claimed server system, sufficient corresponding structure may be identified as "programming to perform the algorithm disclosed at 1:55-62, 4:1-10, 4:19-25, and Figure 2 (blocks 203 and 205), and equivalents thereof." This wholly reflects the overlap in the parties' respective constructions.

WSOU had previously attempted to reach a compromise by proposing, in its original construction, a slight modification to Huawei's proposed construction. Op. Br. at 2. Specifically, rather than incorrectly identifying the corresponding structure for the "means for" term as the "server system" in its entirety, WSOU had proposed, instead, "the portion(s) of server system (13) programmed to perform respective operations of the algorithm . . . ." *Id.* Huawei rejected that compromise. Resp. Br. 4–5. Because the claim language expressly recites "means for determining" as a subpart of the expressly claimed "server system" (i.e., "*said server system comprises* means for determining …"), it is unnecessary for the construction of the corresponding structure to restate this explicit structural tether. Accordingly, as shown in the table above, WSOU withdraws its rejected compromise and, instead, identifies the corresponding structure as "programming to perform the algorithm disclosed at 1:55-62, 4:1-10, 4:19-25, and Figure 2 (blocks 203 and 205), and equivalents thereof." As emphasized above, this simplified construction wholly reflects the agreed algorithmic structure expressed in both parties' respective proposals.

## II. U.S. Patent No. 7,406,260 (Case No. 6:20-cv-00891)

### 1. "masking alarms in the OCh paths in transmit direction" (Claim 1)

### 2. "masking alarms in the OCh paths in receive direction" (Claim 1)

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | Indefinite |

Defendant argues that these terms do not disclose how to determine the transmit direction as compared to the receive direction. Resp. at 6-10.[1] However, Defendant's arguments focus myopically on just the "direction" part of the claim term and forget that the claim term (and the claims as a whole) recites and are directed to "OCh paths." As the claims themselves explain, an OCh path is an "Optical Channel path" ('260 patent, 7:34-35), and an OCh path comprises a **<u>sequence</u>** of ports (*Id.*, 7:34-36). It is important to note that the OCh path comprises a **_sequence_** of ports because all of Defendant's arguments are mooted by the teaching of the '260 patent that the OCh paths are not any and every possible combination of paths through an optical network but instead just a specific set of paths that are affected by the root cause alarms in an optical network. This is made expressly clear in the claim language itself:

> 1. A method for network wide fault isolation in an optical network having Optical Channel (OCh) paths, OCh path comprising a sequence of ports, the method me the steps of:
>
> identifying root cause alarms in the optical network; and
>
> displaying said root cause alarms;

---

[1] Defendant purports to fault WSOU's opening claim construction brief for failing to "identify any disclosure of how to determine the 'transmit direction.'" Resp. at 6. However, WSOU received notice of Defendant's invalidity theories for the first time through Defendant's *responsive* brief. Specifically, Defendant fails to acknowledge that before WSOU's opening brief was filed, WSOU requested that Defendant identify its invalidity theories during the meet and confer (on May 21, 2021) to narrow the claim terms for dispute and that Defendant refused to provide its invalidity theories. Further, during that the same meet and confer, when WSOU asked if Defendant's invalidity theories were directed at the entire phrase of the terms or just a portion of the terms (such as a "direction," here), Defendant expressly stated that Defendant's invalidity theory was directed to the entirety of the term. Thus, despite being expressly asked, Defendant chose instead to waste resources and engage in gamesmanship by withholding and obfuscating its invalidity theories.

3

> wherein the step of identifying the root cause alarms in the optical network comprises the steps of:
>
> constructing **a list of all affected OCh paths** in the optical network; and
>
> analyzing **the OCh paths in said list**;
>
> wherein the step of analyzing **the OCh paths in said list**, comprises the steps of:
>
> masking alarms in the OCh paths in transmit direction; and
>
> masking alarms in the OCh paths in receive direction;
>
> wherein the step of analyzing alarms comprises the steps of:
>
> preparing a list of the alarms present at each port on the OCh path in the transmit direction;
>
> determining if each alarm in the list is an OCh alarm or a port level alarm or a card level alarm; and
>
> masking alarms in the downstream OCh path in the transmit direction that are correlated with each alarm in the list.

'260 patent, 7:34-54 (emphasis added).[2]

As seen from the reproduction of Claim 1, above, the claim language requires creating **a list of OCh paths**, and then the claim language requires analyzing **the OCh paths in said list**. Therefore, there is no ambiguity about the paths or the transmit and receive direction. Each specified path in the list of OCh paths will have a transmit direction and a receive direction (because light (i.e. as used in the claimed optical network) is directional), and, for any given OCh path that is specified in the list of OCh paths, the light path for the specific OCh path will have either a transmit or receive direction (because the specification teaches that analyzing a specific OCh path begins with "the first port on the path" ('260 patent, 6:53-55, Fig. 4)). In other words, the specification teaches that for every identified OCh path in the said list of OCh paths, analyzing a given OCh path begins with the "first port on the path," and regardless of which end of the path that particular "first port on the path" may be, that first port for that particular path will either be receiving along the particular path or transmitting along the particular path.

---

[2] The specification teaches the same regarding identifying a list of OCh paths and analyzing the OCh paths in said list. *See e.g.*, '260 patent, 2:23-61, 6:20-21.

4

Thus, there is no ambiguity in the claims or in the specification. The specification teaches "generating a list L containing all the affected OCh paths" (*see e.g.*, '260 patent, 6:20-21, Fig. 2), iterating through the said list of OCh paths (*see e.g.*, '260 patent, 6:21-24), and for path in the said list of paths, the specification teaches starting the analysis with the "first port on the path" (*see e.g.*, '260 patent, 6:53-55). Because light is directional, and because in an optical network, there must be transmitters and receivers of light, starting from the first port in a path (i.e. start point or an end point), for a particular path, the light moving along that particular path will either be in the transmit direction (emitting from a transmitter in the first port) or in a receive direction (terminating at a receiver in the first port).

Thus, Defendant is wrong that there is no point of reference provided and that even if a point of reference was provided, there is no way to determine "which 'transmit direction'" is claimed. Resp. 9-10. As shown above, a point of reference is provided (the first port on an OCh path), and to the extent Defendant's arguments can be understood, it appears by "which 'transmit direction'" Defendant means which path of all possible paths in or out from a port. However, Defendant is again wrong, because as also discussed above, the specification and the claim language teach generating a list containing a specific set of OCh paths. These claim terms should be given their plain and ordinary meaning.

### 3.  "wherein the step of analyzing alarms comprises the steps of:" (Claim 1)

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | Indefinite |

Defendant argues that the phrase "analyzing alarms" does not appear elsewhere in claim 1. However, as taught by the specification, "[t]he step of masking alarms in the OCh path in the transmit direction comprises the step of analyzing alarms at the ports on the OCh path in the transmit direction." '260 patent, 2:38-40. Also, "[t]he step of masking alarms in the OCh path in the receive direction comprises the step of analyzing alarms at the ports on the OCh path in the receive direction." *Id.*, 2:51-53. This is further detailed and confirmed by the specification in

discussing Figures 2-4. *See Id.*, 6:14-7:11. Moreover, dependent claim 3 further confirms this understanding where claim 3 recites: "wherein the step of masking alarms in the OCh path in the receive direction comprises the step of analyzing alarms at the ports on the OCh path in the receive direction." *Id.*, 7:59-62. Thus, "wherein the step of analyzing alarms" refers to the previously recited "masking alarms in the OCh paths in the transmit direction" in claim 1. This is confirmed within the "wherein" clause itself which is specifically directed to ports and alarms on the OCh path in the transmit direction. *See Id.*, 7:48-54. This is opposed to Claim 3, for example, which is expressly directed to alarms on the OCh path in the receive direction. *See Id.*, 7:59-62.

Defendant argues that the above reads the specification into the claim. Resp. at 11. However, that is incorrect, as the citations to the specification merely demonstrate how a person of skill in the art would understand the claim language. It does not seek to import anything into the claim language. Next, Defendant argues that because there are two recitations of "masking alarms," "the step of analyzing alarms" cannot refer to both. Resp. at 11. However, again, Defendant is incorrect or confused. <u>In claim 1</u>, "the step of analyzing alarm comprises the steps of:…" refers to the previously recited "masking alarms in the OCh paths in the **<u>transmit</u>** direction" in claim 1. In other words, this "wherein" clause – "wherein the step of analyzing alarms comprises…" further narrows the "masking alarms in the OCh paths in the **<u>transmit</u>** direction" of claim 1 only. Claim 3 further narrows the second "masking alarms" element ("masking alarms in the OCh paths in the *receive* direction"). Again, this is confirmed within the "wherein" clause itself, which is specifically directed to ports and alarms on the OCh path **<u>in the transmit direction</u>**. *See Id.*, 7:48-54.

Defendant then argues that because the claim language recites two lists, it would not be understood which of the two lists the "determining" and "masking" steps refer to. Resp. 12. But again, Defendant is wrong because the second "list" and the "determining" and "masking" steps within the "wherein" clause are all self-contained in the "wherein" clause. Therefore, the "determining" and "masking" steps recited in the "wherein" clause refer back to "a list of the

6

alarms present at each port on the OCh path in the transmit direction," which is also recited in the "wherein" clause.

Defendant further argues that the above somehow would render claim 3 redundant and violate the doctrine of claim differentiation. Resp. at 12. Yet again, Defendant is wrong, because dependent claim 3 does *further limit* the "masking alarms in the OCh paths in the <u>receive direction</u>" recited in claim 1 by further limiting the performance of masking alarms in the OCh paths <u>in the receive direction</u>. Further, Defendant's additional argument that claim 4 contradicts the correct understanding of the claim language is misplaced. Dependent claim 4 further limits dependent claim 3. To make this clear, below are independent claim 1 and dependent claims 3 and 4 reproduced in full and color coded to show that the "wherein the step of analyzing alarms" step in claim 1 relates to the "masking alarms in the OCh paths in the **transmit direction**" of claim 1 (highlighted green) and that dependent claims 3 and 4 relate to the "masking alarms in the OCh paths in the *receive direction*" of claim 1 (highlighted light blue):

> **1**. A method for network wide fault isolation in an optical network having Optical Channel (OCh) paths, OCh path comprising a sequence of ports, the method me the steps of:
>
> identifying root cause alarms in the optical network; and
>
> displaying said root cause alarms;
>
> wherein the step of identifying the root cause alarms in the optical network comprises the steps of:
>
> constructing a list of all affected OCh paths in the optical network; and
>
> analyzing the OCh paths in said list;
>
> wherein the step of analyzing the OCh paths in said list, comprises the steps of:
>
> <mark style="background-color: #00FF00">masking alarms in the OCh paths in **transmit direction**</mark>; and
>
> <mark style="background-color: #00FFFF">masking alarms in the OCh paths *in receive direction*</mark>;
>
> <mark style="background-color: #00FF00">wherein the step of analyzing alarms comprises the steps of:</mark>
>
> <mark style="background-color: #00FF00">preparing a list of the alarms present at each port on the OCh path in the **transmit direction**</mark>;

> determining if each alarm in the list is an OCh alarm or a port level alarm or a card level alarm; and
>
> masking alarms in the downstream OCh path **in the transmit direction** that are correlated with each alarm in the list.
>
> **3**. A method as claimed in claim 1 wherein the step of masking alarms in the OCh path in the receive direction comprises the step of analyzing alarms at the ports on the OCh path *in the receive direction*.
>
> **4**. A method as claimed in **claim 3**, wherein the step of analyzing alarms comprises the steps of:
>
> preparing a list of the alarms present at each port on the OCh path *in the receive direction*;
>
> determining if each alarm in the list is an OCh alarm or a port level alarm or a card level alarm; and
>
> masking alarms in the downstream OCh path *in the receive direction* that are correlated with each alarm in the list.

'260 patent, 7:34-54, 7:58-8:4 (emphasis added).

As seen above, claim 3 limits only "masking alarms in the OCh path in the receive direction," and further claim 3 recites "analyzing alarms at the ports on the OCh path in the receive direction." Claim 4, further limits claim 3. Meaning, the "wherein the step of analyzing alarms…" in *claim 4* further narrows the "the step of analyzing alarms at the ports on the OCh path in the receive direction" of claim 3. Put differently, claims 3 and 4 are limited to the "masking alarms in the OCh paths in the **receive** direction" element of claim 1, whereas the "wherein the step of analyzing alarms" clause of claim 1 refers to the "masking alarms in the OCh paths in the **transmit** direction" element of claim 1.

### 4. "masking alarms in the downstream OCh path in the transmit direction that are correlated with each alarm in the list" (Claim 1)

| WSOU's Proposed Construction | Defendant's Proposed Construction |
| --- | --- |
| Plain and ordinary meaning | Indefinite |

As discussed above in the "masking alarms" terms (which Defendant refers to as the "transmit direction" and "receive direction" term), the specification and claim language do provide context (and a point of reference) for both the "transmit direction" and "receive direction." *See* Section II.1 and 2, above. Next Defendant argues that "downstream OCh path" also lacks a point of reference. Resp. at 13. Defendant is wrong, as discussed above in Section II.1 and 2, the specification teaches "generating a list L containing all the affected OCh paths" (*see e.g.*, '260 patent, 6:20-21, Fig. 2), iterating through the said list of OCh paths (*see e.g.*, '260 patent, 6:21-24), <u>and for path in the said list of paths, the specification teaches starting the analysis with the "first port on the path"</u> (*see e.g.*, '260 patent, 6:53-55). Because the specification teaches starting with the "first port on the path," the "downstream OCh path" refers to ports on the path including the next port on the path and after. For example, Figure 4 shows setting variable "P" to the first port on the path at step 404, and then checking if P is the last port on the path at step 428, and if not, then setting P to the next port on the path at step 432. This is also described in the specification. *See* '260 patent, 6:46-77:11. Thus, "downstream OCh path" is expressly taught to mean ports on the path subsequent to the current port, which includes the "next port on the path" until the "last port on the path" and every port in between.

Defendant also argues that a person of ordinary skill in the art would not know "which downstream OCh path is claimed." Resp. at 13. But Defendant is again wrong. At the "masking alarms in the downstream OCh path in the transmit direction" step, the claimed invention has already begun iterating through the list of affected OCh paths one at a time. Therefore this claim term is directed to only the single OCh path that is being analyzed.

Defendant then argues that a person of ordinary skill in the art would not understand whether claim 1 requires masking an alarm when it is correlated with any other alarm in the list or instead only masking the alarm when it is correlated with every alarm in the list. Resp. at 13-14. But there is no confusion – the claim language specifies masking alarms for every correlated alarm in the list. Indeed, that is one of the goals of the claimed invention, as disclosed in the summary of the invention: "[t]herefore there is an objective of the invention to provide a system and method

for determining a root cause alarm in an optical communication system while suppressing other correlated alarms." '260 patent, 2:23-26. If there are alarms in the list downstream on the OCh path that are not correlated with an alarm in the list, then those alarms are not masked.

Dated: July 2, 2021

Respectfully submitted,

By: */s/ Ryan Loveless*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeffrey Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jhuang@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

# **CERTIFICATE OF SERVICE**

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on July 2, 2021.

*/s/ James L. Etheridge*
James L. Etheridge
